**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**DHARM RAJ JOSHI,**

                     **Plaintiff,**

      -against-

**FLAGSHIP S B AMSTERDAM NY, LLC, et al.,**

                     **Defendants.**

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2018

**17-CV-5785 (ALC)(SN)**

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

On July 31, 2017, Plaintiff Dharm Raj Joshi filed this action, alleging that Defendants did not properly compensate him and other employees in accordance with the Fair Labor Standards Act (the "FLSA") and the New York Labor Law. The Honorable Andrew L. Carter, Jr. subsequently referred this matter to my docket for general pretrial supervision. On December 22, 2017, Joshi filed a motion to conditionally certify this case as a representative collective action pursuant to 29 U.S.C. § 216(b). For the reasons that follow, Joshi's motion for conditional certification is DENIED.

### BACKGROUND

Defendants own and operate restaurants under the name "Saravanaa Bhavan," with two locations in Manhattan and another on Long Island. Am. Compl. ¶¶ 2–5, 7, 30; Joshi Decl. ¶ 2. Joshi worked only at Defendants' Manhattan locations from August 15, 2015, to December 31, 2016. Joshi Decl. ¶ 1. Throughout his employment with Defendants, Joshi allegedly spent half of each shift in the front of the restaurant taking orders, delivering food to tables, taking payments from customers, and cleaning tables; and he spent the other half in the kitchen plating food and

packing delivery orders. Id. ¶¶ 5–7. Joshi claims that he was not paid the full statutory minimum wage for his work. Id. ¶ 11. Joshi also alleges that he frequently worked more than 40 hours per week but was not paid one-and-one-half times the statutory minimum wage for time worked in excess of 40 hours. Id. ¶¶ 9–12. He does not recall being notified that Defendants would apply a tip credit to his wages. Id. ¶ 13. In addition, Joshi asserts that employees were required to participate in a tip pool and that Defendants retained 5% of the tips employees received. Id. ¶¶ 14–15. Finally, Joshi alleges that managers at Defendants' restaurants frequently clocked in employees after they began working and clocked them out before their shifts ended. Id. ¶ 16.

Joshi moves, under 29 U.S.C. § 216(b), for conditional certification of a collective consisting of:

> Current and former employees of Defendants who, at any time within three years prior to filing date of this Collective and Class Action Complaint through the date of final disposition ("Collective Period"), worked for the Defendants as non-exempt Tipped Workers or Restaurant Employees and were subject to Defendants' policy and pattern or practice of failing to properly pay minimum wages for all hours worked up to the first 40 hours worked and overtime premium for all hours worked beyond 40 per week and who elect to opt into this litigation.

Am. Compl. ¶ 163. Joshi's proposed notice of pendency alternatively defines the collective as any "server, server assistant, back waiter, busser, runner, bartender, bar back, and/or other tipped employee or any other non-exempt food preparer or cook for the Defendant at any time from July 31, 2011 to the present," who worked in the two Manhattan locations or the Long Island location. Kumar Aff., Ex. 4.

For purposes of this motion, the Court focuses only on Joshi's two federal claims. First, Joshi claims that Defendants violated the FLSA by paying him and similarly situated employees at a federal tipped minimum wage rate while also distributing a portion of their tips to workers who do not "customarily and regularly" retain tips in violation of 29 U.S.C. § 203(m). Am.

2

Compl., First Cause of Action.[1] Second, Joshi claims that that Defendants violated the FLSA by failing to pay employees at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of 40. Am. Compl., Second Cause of Action.

In support of his motion, Joshi filed a single declaration stating that he personally observed that other waiters were required to split their time between front-of-house and back-of-house work and that he spoke with approximately 13 other employees about their work and compensation. Joshi Decl. ¶¶ 5, 17. During his employment with Defendants, Joshi purportedly spoke with approximately 10 tipped employees on an almost "weekly basis concerning [their] work and pay." Id. ¶ 17. In September or October 2017 (nine months after he stopped working for Defendants, and two months after filing his complaint), Joshi spoke with a waiter named Farukh and another waiter known by the nickname "Chinna," both of whom worked at Defendants' Manhattan locations. Id. And nearly a year after leaving Defendants' employ, Joshi spoke with an employee named Krishna, who worked at Defendants' Long Island location. Id. Joshi does not describe at all what was said during any of these conversations. He provides no information regarding these employees' schedules, rates of pay, hours worked, or their experience with any tip pooling. He concludes by stating: "I know that [these employees] worked similar hours as I did, had similar duties, were not paid minimum wage, were not properly paid overtime compensation, nor were they allowed to retain all their tips." Id.

---

[1] Joshi's Eighth Cause of Action alleges a tip misappropriation claim under New York Labor Law § 196-d related to the allegation that the Defendants distributed tips to employees who do not customarily and regularly receive tips. Such state law claim, however, cannot form the basis for Joshi's § 216(b) collective action because it does not allege a federal claim. See Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 560–62 (S.D.N.Y. 2013) (declining to conditionally certify a FLSA collective based on a tip-pooling misappropriation claim); see also Chung v. New Silver Palace Rest., 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002) ("Congress gave employers of tipped employees a simple choice: either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.").

# DISCUSSION

## I. Legal Standards

"The FLSA permits employees to create a collective by opting-in to a backpay claim brought by a similarly situated employee." Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2016) (citing 29 U.S.C. § 216(b)). "The unique FLSA collective differs from a Rule 23 class because plaintiffs become members of the collective only after they affirmatively consent to join it." Id. Certifying a FLSA collective is a two-step process. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Id. "The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." Id.

At the first step, plaintiffs must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Id. (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." Id. (citations omitted) (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991); Hoffmann, 982 F. Supp. at 261).

"A single affidavit from a single plaintiff may suffice" in meeting this burden. Murray v. City of New York, No. 16-CV-8072 (PKC), 2017 WL 3531552, at *5 (S.D.N.Y. Aug. 16, 2017).

But the "plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief." Fu v. Mee May Corp., No. 15-CV-4549 (KPF), 2016 WL 1588132, at *2 (S.D.N.Y. Apr. 20, 2016); accord Huertero-Morales v. Raguboy Corp., No. 17-CV-2429 (JCF), 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017); Murray, 2017 WL 3531552, at *5; Mata v. Foodbridge LLC, No. 14-CV-8754 (ER), 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015); Sanchez v. JMP Ventures, LLC, No. 13-CV-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014). "Although plaintiffs' burden at this stage is 'modest,' 'it is not non-existent,' and 'certification is not automatic.'" She Jian Guo v. Tommy's Sushi Inc., No. 14-CV-3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (quoting Romero v. H.B. Auto. Grp., Inc., No. 11-CV-386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012)).

**II.     Application**

With respect to the First Cause of Action, Joshi alleges in his complaint, and affirms in his declaration, that he was paid $7.50 per hour. See Am. Compl. ¶ 190; Joshi Decl. ¶ 10. Because Joshi was paid more than the *full* federal minimum wage rate, he is not similarly situated to any employee who was paid pursuant to the federal tipped minimum wage, and he may not represent a collective seeking relief under such a claim. See 29 U.S.C. § 206(a)(1)(C) (establishing $7.25 as the hourly federal minimum wage). Moreover, to the extent the First Cause of Action can be fairly construed to include so-called time-shaving claims, Joshi has failed to establish that all employees suffered under the same illegal policy. Joshi alleges that "Defendants did not properly track the hours I worked because managers including Mohammed Yunus Shahul Hameed, would clock people in after they arrived and close people out before

5

their shift was over." Joshi Decl. ¶ 16. In addition to this allegation being specifically about Joshi and only one manager, Joshi has not offered a scintilla of evidence that other employees were subject to the same time-shaving practice. Accordingly, the Court considers only whether to certify a collective action under the Second Cause of Action for failure to pay an overtime premium.

As a threshold concern, Joshi seeks conditional certification of an overly broad collective. He is unfit to represent a collective concerning the Long Island restaurant because he has never worked there and has only vaguely "spoken" to an employee who worked there in November 2017, four months *after* he filed his complaint. As such, Joshi is unable to establish that he is similarly situated to employees at Defendants' Long Island restaurant or that common pay practices governed that location during the relevant period. Additionally, Joshi has not established that he is similarly situated to food preparers and cooks (i.e., non-tipped employees) who worked at Defendants' locations. Although Joshi affirms that he and "all waiters" were forced to work part of their hours in a non-tipped capacity—Joshi plated food and packed delivery orders—he has not established that food preparers and cooks worked similar hours and were paid under a similar policy as wait staff. Indeed, Joshi does not reference a single cook or food preparer in his declaration, much less describe their employment terms. Finally, Joshi may not represent any collective of employees who worked beyond the three-year willfulness statute of limitations under the FLSA, as he suggests in his proposed notice of pendency.

Apart from these overbreadth problems, Joshi's factual allegations regarding overtime practices are insufficient to satisfy even the minimum threshold for the Court to conditionally certify the collective. Joshi's motion is based solely on his declaration. And while that alone is not fatal, his declaration does not offer a foundation on which the Court can find that the

proposed members of the collective action were victim to a common illegal policy. As is relevant to Joshi's only valid FLSA claim, he alleges that he was never paid an overtime premium for hours worked in excess of 40. Joshi Decl. ¶ 12. From there, however, Joshi only vaguely describes conversations with other wait staff about their "work and pay," and concludes based on his "experience" and these "conversations" that other employees were not paid an overtime premium. Id. ¶ 17. Joshi's declaration fails to provide "*any* detail as to a *single* such observation or conversation." Sanchez, 2014 WL 465542, at *2. His declaration does not describe specific instances when he observed other employees working more than 40 hours without proper compensation, nor does it describe what the other employees told Joshi about their work schedules and compensation. Instead, Joshi merely asserts in generalized terms that he observed other employees at work and had several conversations with other employees about their compensation. "These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b)." Id. Based upon the complaint and Joshi's declaration alone, the Court cannot conditionally certify this case as a collective action.

## CONCLUSION

Joshi has requested conditional certification of a broadly defined collective consisting of all servers, server assistants, back waiters, bussers, runners, bartenders, bar backs, food preparers, and cooks who were employed in any of Defendants' three New York locations within the last six years. Joshi is unfit to represent a class of all these employees. And, with respect to those employees who may be similarly situated to Joshi, his vague allegations do not meet the low standard of establishing that Joshi and others were victims of a common policy that violated

the law. Thus, Joshi's motion to conditionally certify this case as a representative collective action pursuant to 29 U.S.C. § 216(b) is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 42.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     March 1, 2018
               New York, New York